UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lamont L. Greene, | ) C/A No. 2:13-104-TMC-BHH |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Mrs. Cruz, Warden of FCI-Williamsburg, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court *pro se* by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Lamont L. Greene ("Petitioner"), a federal prisoner housed at FCI-Williamsburg, filed a § 2241 Petition, complaining about the manner of execution of his sentence because he was told that he is not eligible for placement in a half-way house for the final months of his sentence. (ECF No. 1). Petitioner is currently incarcerated because he violated his supervised release from a federal conviction for mail/credit card fraud. He alleges that he was allowed to go to a halfway house at the conclusion of his prior sentence on the original conviction despite also having a prior conviction for lewd act on a child. However, with this violation of supervised release conviction and sentence for the same crime, he is being

prevented from halfway house residence by the same prior conviction for lewd act on a child. Plaintiff asserts that he "feels prejudiced." (ECF No., Pet. 2). He states that he did not pursue the Bureau of Prisons' ("BOP's") administrative remedy process before filing this Petition. (ECF No. 1, attach. 4, at 6). In response to a question about why he did not pursue the remedy program on the petition form that he filled out in response to this court's initial Order (ECF No. 5), Petitioner states: "The Federal Bureau of Prisons told me that this Action was determined by the Regional Director Mr. Ronald James of the Federal Regional Office." (ECF No. 1, attach. 4, at 6).

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta*

2

*v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

Before submitting his Petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this case, Petitioner was required to exhaust his administrative remedies within the BOP with regard to his manner-of-execution- of-sentence claim. *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490-91 (1973)(exhaustion required under 28 U.S.C. § 2241); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (same)*; see* 28 C.F.R. §§ 542.10-.16. Even if the court were to liberally construe an assertion of "futility" from Petitioner's statement that he did not pursue the BOP remedy process because he was told by someone that the Regional Director had decided that he could not go to a half-way house, despite his never using the word "futile" or "futility," his unsupported assertion that some person (or even the Director, himself) in BOP's regional office does not think Petitioner should go to the halfway house does not excuse the acknowledged lack of exhaustion in this case. Petitioner must

produce more supporting factual information before the court can accept "futility" as an excuse his failure to exhaust administrative remedies.

The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to some aspects of his or her confinement. *See* C.F.R. § 542.10, et. seq. If the inmate receives an adverse answer to some complaint about the manner of execution of his sentence at the institutional level, the inmate <u>must</u> present his claims to the Regional Director of the Federal Bureau of Prisons AND then to the Office of General Counsel in order to fully exhaust his BOP administrative remedies. 28 C.F.R. § 542.15. Exhaustion of his remedies would have given the upper levels of the BOP an opportunity to correct any problems with the institutional determination of whether or not halfway house is available with Petitioner's current sentence for violation of supervised release. Without first presenting his individual claim to the Regional Director or the General Counsel, Petitioner attempts to short-cut the required process and this cannot be allowed under the circumstances presented here.

As previously noted, although Petitioner arguably claims futility, he presents the court with no supporting facts such as a listing of previous, similar cases to his in which the BOP routinely denied the claimants' arguments based on an inflexible policy. In short, there is nothing in the record from which the undersigned could make a legal determination on Petitioner's futility argument. *But cf. Murdock v. Gutierrez*, 631 F. Supp. 2d 758, 762-63 (N.D.W. Va. 2007)(futility of exhaustion in light of evidence of inflexible policy of rejecting arguments). Because Petitioner does not establish that he exhausted his administrative remedies before filing his § 2241 Petition in this court or that it would have been futile to do so, this matter must be dismissed pursuant to 28 U.S.C. 1915(d).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks  
United States Magistrate Judge

February 13, 2013  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).